**In re the MARRIAGE OF Mari Elizabeth SHERWOOD and Michael Albert Sherwood.**

**Upon the Petition of Mari Elizabeth Sherwood, Petitioner,**

**and concerning Michael Albert Sherwood, Respondent.**

**No. 58651.**

Supreme Court of Iowa.

April 14, 1976.

Robert C. Oberbillig, Des Moines, for appellant.

Dan Stamatelos, West Des Moines, for appellee.

Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This is an appeal by Mari Sherwood from that portion of a decree of dissolution of marriage which awarded custody of two minor children to Michael Albert Sherwood. We affirm the trial court.

Mari and Michael were married August 12, 1968. Their first child, Matthew John, was born February 9, 1970. The second, Candace Erin, was born April 9, 1971. During the seven years the marriage lasted, they were separated four different times. The first three were for periods varying from several weeks to several months. The fourth culminated in the dissolution action now the subject of this appeal.

Mari and Michael each concedes the other loves the children. Each claims, however, to be the one in whose care the children would fare best. Witnesses for the respective parties were of little help, in most instances merely expressing personal preferences for one or the other as the desirable custodial parent.

Mari and Michael were critical of each other's conduct in several areas. There was testimony about Michael's drinking and his use of marijuana, a practice which Mari also engaged in occasionally. Michael decried Mari's admittedly adulterous conduct with a man to whom she was contemplating marriage "as soon as he gets his divorce."

A detailed recitation of the testimony would be purposeless. Neither party has parental qualities markedly superior to the other. The children will have adequate care and equal affection no matter who prevails. Under the record before us, we conclude either Mari or Michael would be a proper custodian for the children.

The legal principles governing these cases are well settled. Difficulty results only when those rules must be applied to particular facts. *In Re Marriage of Winter,* 223 N.W.2d 165, 166 (Iowa 1974); *In Re Marriage of Bowen,* 219 N.W.2d 683, 688 (Iowa 1974); *In Re Marriage of Dawson,* 214 N.W.2d 131, 132 (Iowa 1974).

In this de novo appeal we have given consideration to the applicable factors the above authorities hold significant in determining custodial rights. We hold the trial court rightly decided the best hopes for the children dictate that Michael should have custody.

The judgment is

AFFIRMED.